A Weight, Special J.,
delivered the opinion of the court.
The bill in this case alleges, that on the 5th of An- *567 gust, 1846, Banks M. Burrow, the ancestor of the present complainants, recovered two judgments against William Smith, before a justice of the peace of Gibson county: that on the 6th of November, 1847, executions were issued on said judgments, and placed in the hands of a constable of said county, and that not being able to find personal property of the defendant in the executions on which to levy the same, he made return of that fact, and levied said executions on a tract of 115 acres of land lying in said county, on the waters of the South fork of Obion river, in range two, district four, as the property of said William Smith: that on the 6th of March’ 1848, the proceedings in said causes before the justice of the peace having been returned to the circuit court of said county, the said court condemned said land to be sold to pay said judgments; and that afterwards, in July, 1848, orders of sale or writs of venditioni exponas, founded ■ on said judgments of condemnation were duly issued and placed in the hands of the sheriff of said county, who sold said land, after lawful notice on the 2d of October, 1848, when the same was purchased by the said Banks M. Burrow, and his debts, interest and costs satisfied in the purchase. That said Smith, after having entered the said land in his name, and being thus its true owner, made a fraudulent assignment of the plat and certificate of survey to his son, to hinder and delay said Banks M. Burrow in the collection of his judgments; and that this son, for the like fraudulent purpose, assigned the same to Sarah and Malinda Smith, daughters of William Smith, and that Sarah and Malinda Smith had obtained a grant for said land in their names, and on the 26th of July, *568 1848, after the making of said levies and orders of sale,, had sold his land to the defendant, Carroll, who had notice of said judgments and levies, and purchased said land fraudulently. The bill prays that the legal title to said land be divested out of said Carroll, and vested in complainants.
The bill is taken for confessed as to William Smith,, and Sarah and Malinda Smith, and as to Charles Smith, the son; and the answer of Carroll, the only other defendant, does not controvert the judgment, levies, orders of sale, and the purchase of the land by Banks M. Burrow; but in effect, admits them. And we are satisfied from the answer and the proof in the cause, that sometime in the year 1846, the land was entered in the name of William Smith, and that the assignment afterwards made to his son Charles, and his daughters, Sarah and Malinda, were fraudulent and void, as to his creditors. It appears that the grant to Sarah and Malinda Smith issued a few days before the levies were made; but as the law makes entries subject to levy and sale for the payment of debts, this fact can be of no avail to defendants. The fraudulent transfer being void as to Banks M. Burrow, the creditor, left the land still subject to levy and sale, as the property of William Smith.
It further appears, that defendant, Carroll, in fact purchased the land of Sarah and Malinda Smith, in July, 1848, after said levies had been made, and the orders of sale obtained; and we are satisfied from his answer and the proof in the cause, that he, at the time of his purchase, had actual notice of the levies; and besides, his answer does not put him in the po *569 sition of an innocent purchaser, if such a thing could be in such case. We are therefore of opinion, that Banks M. Burrow, in the purchase of this land, acquired an equitable title to it, that defendant, Carroll, holds the legal title as trustee to complainants. Banks M. Burrow having died since the purchase, and that it must be decreed to complainants. It is insisted, that Carroll’s purchase, only embraces a small part of the tract of land included in the levies — but the answer makes no such question, and in effect admits that his purchase covers the same land that was levied on; and we are satisfied from the proof that it is so.
The decree of the chancellor is affirmed.